UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | No. 6:19-CR-68-REW-HAI-1 |
| ) | |
| v.    ) | RECOMMENDED DISPOSITION |
| ) | |
| DANNY LEE GRIFFIN,    ) | |
| ) | |
| Defendant.    ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 4, 2020, the Court conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d).[1] D.E. 123. Defendant Danny Lee Griffin was indicted on September 25, 2019, on one count of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. D.E. 9. The competency question arose in January after defense counsel filed a motion indicating he had concerns regarding Defendant's memory problems and his ability to focus and concentrate on the defense of his case. D.E. 62. A hearing on Defendant's motion for competency exam took place on January 23, 2020, and the undersigned granted the motion. D.E. 66. A psychological examination pursuant to 18 U.S.C. §§ 4241(b) was ordered to be conducted at FCI Englewood. D.E. 70. Defendant's trial is currently scheduled for August 31, 2020. D.E. 115.

Prior to the final competency hearing, all parties had access to the Forensic Report ("the Report") prepared by Dr. Jessica Micono, Psy.D. D.E. 101. In the Report, Dr. Micono opined that Defendant is competent to proceed. *Id*. at 15. At the final hearing, the parties stipulated to

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

the admissibility of the Report, as well as to the Report's findings. The parties also waived introduction of other proof or argument and waived the right to examine or cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

2

burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Micono. The Report is quite thorough; it reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Micono directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 101. Dr. Micono also contacted defense counsel David Hoskins, who provided the legal materials for review. *Id*. at 6.

The Report essentially concludes that Defendant is competent and diagnoses him with Opioid Use Disorder, Mild, in a Controlled Environment, but states that his diagnosis is "complicated." *Id*. at 11. Dr. Micono found that "[t]here was evidence indicating he was not putting forth adequate effort on the intelligence and memory tests administered." *Id*. However, even despite his "suboptimal effort" the Report found that the assessments were not "indicative of significant impairment in functioning." *Id*. For example, on the WAIS-IV test, Defendant's Full Scale IQ, Verbal Comprehension Index Score, and nonverbal reasoning abilities were in the Average Range, while Working Memory Index score and Processing Speed Index were in the Low Average Range. *Id*. at 8.

Additionally, the Report acknowledges Defendant's reported memory concerns, but finds that no significant deficits in his cognitive or memory functioning were evident during the evaluation period. *Id*. at 14. Further, the Report indicates that "[w]hile he reported difficulty

3

recalling all of the details of the time period of the alleged offense, amnesia for the time period of the alleged offense does not preclude competence to stand trial." *Id*. The Report discusses *Wilson v. United States*, 391 F.2d 460 (D.C. Cir. 1968), and the factors which must be considered regarding the relevance of amnesia to adequate participation by Defendant in legal proceedings. D.E. 101 at 14-15. The factors that must be considered, according to the Report, are: (1) the extent to which the amnesia affects the defendant's ability to consult with and assist his lawyer; (2) the extent to which the amnesia affected the defendant's ability to testify in his own behalf; (3) the extent to which the evidence in suit could be extrinsically reconstructed in view of the defendant's amnesia and the availability of such records for the purpose of reconstruction; and (4) the strength of the prosecution's case. *Id*. (quoting *Wilson*, 391 F.2d at 463-64).

As to factor 1, the Report finds that Defendant's "reported amnesia does not interfere with his ability to provide a general account of his and others' behavior during the time period in question" and Defendant "appears to have the ability to consult with and assist his attorney." D.E. 101 at 14-15. As to factor 2, the Report finds that Defendant "is capable of engaging in the act of testifying, and his recall for events to a particular point, appears to be satisfactory." *Id*. at 15. For the third and fourth factors, the Report indicates that they are determinations to be made by the Court. *Id*.

At the final hearing, the Court questioned the government and the defense on their view of the Report's interpretation of the *Wilson* factors. Both parties agreed with the Report's assessment as to factors 1 and 2. As to factors 3 and 4, the government believes its case is strong and offered to do anything it can to aid the defense in reconstructing the evidence and enabling Defendant to better understand the charge. The government indicated that it believed the

discovery included controlled buys and statements, but would defer to the defense on that particular point.

Defense counsel indicated that the investigation into Defendant was brief, but included a controlled and recorded phone call, as well as a recorded interview. Defense counsel stated that he believed he can very thoroughly reconstruct the events extrinsically through the investigation that was conducted and the discovery he presently has, including records and statements of Defendant's co-conspirators. The undersigned found, based on the representations of counsel, that the memory issues Defendant reports are not, under *Wilson*, sufficient to undermine a finding of competency. The parties did not challenge Dr. Micono's opinion and the defense acknowledged that the discovery helps fill in the factual gaps Defendant has.

In the Report, Dr. Micono accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 101 at 15. The Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted. And, as noted, defense counsel had no evidence to contradict the Report's conclusions. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and understood their nature. He agreed that he was competent to proceed.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include sentencing, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. At the final hearing, the parties agreed to a shortened objections period of **FIVE DAYS**. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Wier for his consideration.

This the 8th day of June, 2020.

Signed By:
_Hanly A. Ingram_
United States Magistrate Judge